UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

CHRISTOPHER OAKES,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/21

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

S11 20 Cr. 160 (MKV)

      WHEREAS, on or about October 20, 2021, CHRISTOPHER OAKES (the "Defendant") was charged in a one-count Superseding Information (the "Information"), with misbranding and adulteration of drugs in interstate commerce, in violation of Title 21, United States Code, Sections 331 and 333;

      WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Sections 334, of any and all drugs that were adulterated or misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of section 331(ll), 344, or 355 of this title, have been introduced into interstate commerce (the "Forfeitable Property"), including but not limited to a sum of money in United States currency representing the value of such property;

      WHEREAS, on or about March 9, 2020, the Government seized $127,175 in United States currency from the Defendant's real property located on Bald Mountain Road, Bear Creek Township, PA, 18702 (the "Seized Currency");

      WHEREAS, on or about October 20, 2021, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to

forfeit, pursuant to Title 21, United States Code, Sections 334 and 853, and Title 28, United States Code, Section 2461(c), a sum of money equal to $62,821 in United States currency representing the value of the Forfeitable Property (the "Money Judgment");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the Forfeitable Property cannot be located upon the exercise of due diligence;

WHEREAS, the Defendant consents to the entry of the Money Judgment in the amount of $62,821 in United States currency representing the value of Forfeitable Property;

WHEREAS, the Defendant consents to the Government applying $62,821 of the Seized Currency as a payment towards the full satisfaction of the Money Judgment (the "Payment"); and

WHEREAS, following the Payment, the Government shall return the remaining $64,354 of the Seized Currency to the Defendant (the "Returned Funds");

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States Attorneys Andrew C. Adams and Sarah Mortazavi, of counsel, and the Defendant, and his counsel, Page Pate, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, the Money Judgment in the amount of $62,821 in United States currency representing the value of the Forfeitable Property, shall be entered against the Defendant.

2. Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, the Government shall apply the Payment towards the full satisfaction on the Money Judgment.

3. Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, the United States Marshals Service ("USMS") and/or it's designee shall transfer the Returned Funds to the Defendant in a manner consistent with, the USMS Vendor Request Form to be completed by Defendant through his attorney, Page Pate, Esq.

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, shall be deemed part of the sentence of the Defendant and will be included in the judgment of conviction therewith.

5. The United States Marshals Service is authorized to deposit the Payment on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[Continued on Following Page]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____  10/18/2021
ANDREW C. ADAMS           DATE
SARAH MORTAZAVI
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007

By: _____  10/18/21
CHRISTOPHER OAKES         DATE

By: _____  10/18/2021
PAGE PATE, ESQ.           DATE
Attorney for Defendant

SO ORDERED:

_____  10/20/21
HONORABLE MARY KAY VYSKOCIL   DATE
UNITED STATES DISTRICT JUDGE